IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON CARPENTER, *individually and on behalf of all similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br><br>Defendant. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant McDonald's Corporation ("McDonald's"), by and through counsel, hereby removes the matter captioned *Shannon Carpenter v. McDonald's Corporation*, Case No. 2021CH02014, filed in the Circuit Court of Cook County, Illinois on April 26, 2021 (hereinafter referred to as "the State Court Action") to the United States District Court for the Northern District of Illinois. The grounds for removal are set forth below.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On or about April 26, 2021, Plaintiff Shannon Carpenter filed his Class Action Complaint ("the Complaint") alleging violations of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, in the First Municipal District of the Circuit Court of Cook County, Illinois. Plaintiff brought one count against McDonald's for alleged violations of BIPA sections 15(a), (b), (c), and (d). *See* Ex. A. The count was asserted on behalf of Plaintiff and putative class members.

2. On April 28, 2021, McDonald's was served with the Summons and Complaint filed in the State Court Action. McDonald's removal of this action is timely because McDonald's is

removing this matter within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

3.     In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint served on McDonald's on April 28, 2021 is attached hereto as Exhibit A. *See* Ex. A. On May 3, 2021, McDonald's was served with Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery, along with notice of the same. A copy of Plaintiff's Motion is attached hereto as Exhibit B. McDonald's has not been served with, nor has it served, any other process, pleadings, or orders in the State Court Action.

4.     This Notice of Removal is properly filed in this district and division because the First Municipal District of the Circuit Court of Cook County, Illinois is located within the Eastern Division of the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a), 1446(a).

5.     In accordance with 28 U.S.C. § 1446(d), McDonald's will promptly provide written notice of removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court of Cook County, Illinois.

## JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)
## (CLASS ACTION FAIRNESS ACT)

6.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests districts courts with original jurisdiction over putative class actions in which there is minimal diversity between the parties, and the amount in controversy, aggregated across putative class members' claims, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (6); *see also id.* § 1441(a) (providing for removal of civil actions for which district courts have original jurisdiction). Under CAFA, minimal diversity is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* §

1332(d)(2)(A). CAFA also requires that the action involve 100 or more putative class members. *Id.* § 1332(d)(5)(B).

7. Plaintiff brings his claims "on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801." Ex. A, ¶ 30; *see also* 735 ILCS 5/2-801 (setting forth prerequisites for maintenance of a class action under Illinois law). Accordingly, this action constitutes a "class action," as defined by CAFA. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges "[t]here are thousands of members of the Class," Ex. A, ¶ 32, meeting the requirement that the action involve 100 or more putative class members, *id.* § 1332(d)(5)(B).

8. In the Complaint, Plaintiff alleges that he has been, "[a]t all relevant times . . . a resident and citizen of Illinois." Ex. A, ¶ 12.

9. Plaintiff's proposed class includes "[a]ll individuals whose voiceprint biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period and for whom Defendant did not have any written record of consent to do so." Ex. A, ¶ 30.

10. For diversity purposes, an individual's citizenship depends on their domicile—"the state in which a person intends to live over the long run." *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Factors that inform domicile may include, but are not limited to, the location of an individual's real property and current residence; the state in which the individual is registered to vote; the state that issued the individual a driver's license; and the state in which the individual's motor vehicle is registered. *See, e.g.*, *id.* (inferring domicile in Massachusetts where an individual owned a family home in Massachusetts, was registered to vote in Massachusetts, and had a Massachusetts driver's license). On information and belief, several

individuals who interacted with a voice assistant in McDonald's drive-thrus in Illinois are citizens of states other than Illinois and Delaware. As just three examples, on information and belief, at least three individuals are citizens of Michigan or Iowa. *See* Declaration of Alexandra Hosbach, ¶¶ 6–8 (attached hereto as Exhibit C). Individual A self-identified an Iowa zip code, and public records reflect that she resides in Iowa, owns real property in Iowa, and has multiple motor vehicles registered in Iowa. *See id.* ¶ 6. Individual B self-identified an Iowa zip code, and public records reflect that she resides in Iowa, owns real property in Iowa, has a motor vehicle registered in Iowa, and is employed in Iowa. *See id.* ¶ 7. Individual C self-identified a Michigan zip code, and public records reflect that she resides in Michigan, is registered to vote in Michigan, and has a motor vehicle registered in Michigan. *See id.* ¶ 8.

11. Plaintiff alleges that McDonald's Corporation is "organized under the laws of Delaware" and has "its principal place of business in . . . Illinois." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, McDonald's Corporation is a citizen of both Delaware and Illinois.

12. Because members of Plaintiff's proposed class are citizens of Iowa and Michigan, and McDonald's is a citizen of Illinois and Delaware, CAFA's minimal-diversity requirement is satisfied. *See id.* § 1332(d)(2)(A) (recognizing minimal diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

13. For the amount in controversy, "[a] removing party . . . only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party

seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.").

14. In his prayer for relief, Plaintiff does not allege a total dollar amount in damages. However, Plaintiff brings his claims under BIPA, which provides for $5,000 "for each violation" committed "intentionally or recklessly," or $1,000 "for each violation" committed "negligently." 740 ILCS 14/20(1)–(2). While McDonald's denies liability for any such alleged violations, or the appropriateness of any such damages, Plaintiff's prayer for relief seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA" and "$1,000.00 for each negligent violation." *See* Ex. A.

15. Plaintiff's estimate that the proposed class consists of "thousands of members" renders the purported damages well in excess of the $5,000,000 threshold, even before potential attorneys' fees. *See, e.g.*, *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the plaintiff has a right to them 'based on contract, statute, or other legal authority.'"); *see also* 740 ILCS 14/20(3) (providing for recovery of "reasonable attorneys' fees" by a prevailing party). Specifically, 1,000 putative class members with allegations of $5,000 per violation puts $5,000,000 in controversy, before attorneys' fees. McDonald's denies liability for Plaintiff's claims and any purported damages, but McDonald's recognizes that the Complaint's allegations provide the requisite amount in controversy for removal under CAFA.

16. Removal of this action is thus proper, as this Court has original jurisdiction over Plaintiff's claims under CAFA.

## NO WAIVER OF RIGHTS

17. With this removal, McDonald's does not waive any claims or defenses. McDonald's also does not concede, in any way, that the allegations in the Complaint are accurate, that McDonald's committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

Dated: May 28, 2021                                                  Respectfully submitted,

s/ Katherine S. Bailey
Michael J. Gray
mjgray@jonesday.com
Efrat R. Schulman
eschulman@jonesday.com
Jennifer Plagman
jplagman@jonesday.com
Katherine S. Bailey
kbailey@jonesday.com
JONES DAY
77 West Wacker
Suite 3500
Chicago, IL 60601.1692
Telephone:     +1.312.782.3939
Facsimile:     +1.312.782.8585

*Attorneys for McDonald's Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that, on May 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the foregoing on counsel of record.

                                              *s/*     Katherine S. Bailey
                                              Katherine S. Bailey