# EXHIBIT A

Return Date No return date scheduled
Hearing Date 8/25/2021 10 00 AM - 10 00 AM
Courtroom Number
Location

FILED
4/27/2021 12 37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02014

13106195

FILED DATE 4/27/2021 12 37 PM 2021CH02014

2120 - Served                2121 - Served
2220 - Not Served            2221 - Not Served
2320 - Served By Mail        2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
Summons - Alias Summons                              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SHANNON CARPENTER

(Name all parties)

v.

Case No. 2021-CH-02014

MCDONALD'S CORPORATION

c/o Prentice Hall Corporation
801 Adlai Stevenson Drive
Springfield, IL 62703

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons(08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 56618

Atty Name: McGuire Law, P.C.

Atty. for: Plaintiff

Address: 55 W. Wacker Dr., 9th Fl.

City: Chicago

State: IL   Zip: 60601

Telephone: (312) 893-7002

Primary Email: eturin@mcgpc.com

Witness: 4/27/2021 12 37 PM IRIS Y MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE 4/27/2021 12 37 PM 2021CH02014

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center  
  50 W Washington  
  Chicago, IL 60602

- District 2 - Skokie  
  5600 Old Orchard Rd  
  Skokie, IL 60077

- District 3 - Rolling Meadows  
  2121 Euclid  
  Rolling Meadows, IL 60008

- District 4 - Maywood  
  1500 Maybrook Ave  
  Maywood, IL 60153

- District 5 - Bridgeview  
  10220 S 76th Ave  
  Bridgeview, IL 60455

- District 6 - Markham  
  16501 S Kedzie Pkwy  
  Markham, IL 60428

- Domestic Violence Court  
  555 W Harrison  
  Chicago, IL 60607

- Juvenile Center Building  
  2245 W Ogden Ave, Rm 13  
  Chicago, IL 60602

- Criminal Court Building  
  2650 S California Ave, Rm 526  
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division  
  Richard J Daley Center  
  50 W Washington, Rm 601  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Chancery Division  
  Richard J Daley Center  
  50 W Washington, Rm 802  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division  
  Richard J Daley Center  
  50 W Washington, Rm 802  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Civil Appeals  
  Richard J Daley Center  
  50 W Washington, Rm 801  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Criminal Department  
  Richard J Daley Center  
  50 W Washington, Rm 1006  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- County Division  
  Richard J Daley Center  
  50 W Washington, Rm 1202  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Probate Division  
  Richard J Daley Center  
  50 W Washington, Rm 1202  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Law Division  
  Richard J Daley Center  
  50 W Washington, Rm 801  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

- Traffic Division  
  Richard J Daley Center  
  50 W Washington, Lower Level  
  Chicago, IL 60602  
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

12-Person Jury
Return Date No return date scheduled
Hearing Date 8/25/2021 9.30 AM - 9.30 AM
Courtroom Number 2301
Location District 1 Court
 Cook County, IL

FILED
4/26/2021 9:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02014

13096943

FILED DATE 4/26/2021 9 54 PM 2021CH02014

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| SHANNON CARPENTER, individually and on behalf of similarly situated individuals, ) ) ) ) ) *Plaintiff*, ) ) v. ) ) MCDONALD'S CORPORATION, a ) Delaware corporation, ) ) *Defendant*. ) ) ) | No. 2021CH02014 <br><br> Hon. <br><br><br> **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Plaintiff Shannon Carpenter ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant McDonald's Corporation ("Defendant" or "McDonald's") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

**A. BIPA.**

1. Biometrics refer to unique personally identifying features such as a person's voiceprint, fingerprint, facial geometry, iris, among others.

2. The Illinois Legislature enacted BIPA because it found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For

1

example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

3. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including voiceprints, fingerprints, facial scans, handprints, and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

4. To protect individuals' biometrics, BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first: (1) inform the person whose biometrics are collected in writing that biometric identifiers or biometric information will be collected or stored; (2) inform them, in writing, of the specific purpose and the length of time for which such biometrics are being collected, stored and used; (3) receive a written release allowing them to capture and collect the biometrics; and (4) publish a publicly available retention policy for permanently destroying biometrics when their use has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first 740 ILCS 14/15(a).

5. BIPA's Compliance requirements are straightforward and easily satisfied, often requiring little more than acquiring a written record of consent to a company's BIPA practices

2

### B.  Defendant's Biometric Collection Practices.

6.  In an effort to reduce costs and staff, beginning sometime in 2020 McDonald's implemented an artificial intelligence ("AI") voice assistant in the drive through of various McDonald's restaurants across the nation, including in Illinois.

7.  McDonald's AI voice assistant uses voice recognition technology to allow customers to place orders without any actual human interaction.

8.  Critically, McDonald's AI voice assistant's voice recognition technology collects customers' voiceprint biometrics in order to be able to correctly interpret customer orders and to identify repeat customers to provide a tailored experience.

9.  However, McDonald's has failed to comply with BIPA's regulations and does not notify its customers that when they interact with McDonald's AI voice assistant their voiceprint biometric information is used and collected, nor does McDonald's obtain their consent to do so.

10.  Plaintiff seeks on behalf of himself and the proposed Class defined below, an injunction requiring McDonald's compliance with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

### PARTIES

11.  Defendant McDonald's Corporation is a corporation organized under the laws of Delaware with its principal place of business in Oak Brook, Illinois that conducts substantial business throughout Illinois, including in Cook County, and is registered with and authorized by the Illinois Secretary of State to transact business in Cook County, Illinois.

12.  At all relevant times, Plaintiff Shannon Carpenter has been a resident and a citizen of the state of Illinois.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant's headquarters are located in the state of Illinois and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used and profited from Plaintiff's biometrics in this State.

14. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County and thus resides there under § 2-102.

## FACTUAL BACKGROUND

15. McDonald's is one of the largest fast-food companies in the world that operates thousands of locations around the world through its franchisees.

16. To streamline restaurant operations and reduce the staff necessary to run their drive throughs, in 2019 McDonald's purchased the technology company "Apprente" to implement an AI Voice assistant at its restaurants

17. Apprente was a company that specialized in creating AI voice assistants that utilized machine learning and intelligent AI to interpret and understand individuals' voice interactions.

18. Unlike common "speech-to-text" systems that simply transcribe voice interactions into a useable transcript that is then interpreted, Apprente's technology uses "speech-to-meaning" technology that analyzes speech signals in real-time to obtain a "result."[1]

---

[1] www.infosecurity-magazine.com/news/mcdonalds-to-use-ai-voice/#.~:text=McDonald%27s%20has%20entered%20into%20an,to%20have%20definitely%20paid%20off (last accessed 4/23/2021).

4

19. Specifically, when a customer verbally interacts with Defendant's AI voice assistant to place an order, the AI voice assistant extracts the customer's voiceprint biometrics to determine such unique features of the customer's voice as pitch, volume, duration, as well as to obtain identifying information such as the customer's age, gender, accent, nationality, and national origin.[2]

20. Furthermore, McDonald's AI voice assistant goes beyond real-time voiceprint analysis and recognition and also incorporates "machine-learning routines" that utilize voiceprint recognition in combination with license plate scanning technology to identify unique customers regardless of which location they visit and present them certain menu items based on their past visits.[3]

21. Critically, while McDonald's has implemented its AI voice assistant in McDonald's locations across the country, including locations in Illinois that are at issue here, McDonald's fails to inform its customers that their voiceprint biometrics are being collected when they interact with the AI voice assistant or obtain any consent from them to do so.

22. Nor does McDonald's have a publicly available data retention policy that discloses what McDonald's does with the voiceprint biometric data it obtains or how long it is stored for.

**FACTS SPECIFIC TO PLAINTIFF**

23. Like thousands of other Illinois residents, Plaintiff Shannon Carpenter had his voiceprint biometrics collected when he visited a McDonald's located in Lombard, Illinois in early 2020 and interacted with Defendant's AI voice assistant.

---

[2] http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearch-bool.html&r=2&f=G&l=50&co1=AND&d=PTXT&s1=Apprente&OS=Apprente&RS=Apprente (last accessed 4/23/2021).
[3] www.iottechtrends.com/macdonad-ai-menu (last accessed 4/23/2021)

5

24. Specifically, when Plaintiff pulled up to Defendant's drive through he was greeted by the intelligent AI voice assistant which asked for his order.

25. Plaintiff interacted with Defendant's AI voice assistant and provided his order, which was then confirmed by the voice assistant.

26. Defendant's AI voice assistant extracted Plaintiff's voiceprint biometrics in order to understand and process his order, and to provide verbal confirmation at the end of the exchange.

27. Plaintiff, like the thousands of Illinois residents who interacted with McDonald's AI voice assistant never provided written consent permitting Defendant to capture, store, or disseminate his voiceprint biometrics.

28. Nor has Defendant made a policy regarding its retention or deletion of the voiceprint biometric data that it obtains publicly available for Plaintiff and the other Class members to review.

29. Plaintiff, like the other Class members, to this day does not know the whereabouts of his voiceprint biometrics which Defendant obtained.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose voiceprint biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period and for whom Defendant did not have any written record of consent to do so.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family of such officer or director.

6

32. There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

33. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following.

    a. Whether Defendant collected, captured, or otherwise obtained voiceprint biometrics from individuals who verbally interacted with McDonald's drive though AI voice assistant within Illinois;

    b. Whether Defendant disseminated the voiceprint biometrics it obtained;

    c. Whether Defendant profited from its collection and possession of said voiceprint biometrics;

    d. Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their voiceprint biometrics;

    e. Whether Defendant's conduct violates BIPA;

    f. Whether Defendant's BIPA violations are willful or reckless; and

    g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class

treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

36. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

37. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*
### (On behalf of Plaintiff and the Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendant McDonald's is a private entity under BIPA.

40. BIPA requires that private entities, such as Defendant, obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric

identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

42. Plaintiff and the other Class members have had their "biometric identifiers," namely their voiceprints, collected, captured, or otherwise obtained by Defendant when they interacted with the intelligent AI voice assistant at McDonald's drive through locations in Illinois. 740 ILCS 14/10.

43. Each instance when Plaintiff and the other Class members interacted with McDonald's AI voice assistant at one of its drive throughs Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' voiceprint biometrics without valid consent and without complying with and, thus, in violation of BIPA.

44. Defendant's practices with respect to capturing, collecting, storing, and using its customers' voiceprint biometrics fail to comply with applicable BIPA requirements:

    a. Defendant failed to inform Plaintiff and the other members of the Class in writing that their voiceprint biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

9

    b. Defendant failed to inform Plaintiff and the other Class members in writing of the specific purpose for which their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c. Defendant failed to inform Plaintiff and the other Class members in writing the specific length of term their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

    e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and,

    f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' voiceprint biometrics for purposes of data retention and storage of the same, as required by 740 ILCS 14/15(d)(1).

45. By using its voiceprint biometric-based AI voice assistant to collect food orders at its Illinois restaurant locations, Defendant profited from Plaintiff's and the other Class members' voiceprint biometric identifiers in violation of 740 ILCS 14/15(c).

46. Defendant knew, or was reckless in not knowing, that the voiceprint biometric technology that it utilized and which thousands of individuals within Illinois interacted with would be subject to the provisions of BIPA yet failed to comply with the statute.

47 By capturing, collecting, storing, using, and disseminating Plaintiff's and the other Class members' voiceprint biometrics as described herein, Defendant denied Plaintiff and the other Class members their rights to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

FILED DATE 4/26/2021 9 54 PM 2021CH02014

FILED DATE 4/26/2021 9 54 PM 2021CH02014

48    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

49.    Defendant's violations of BIPA, a statute that has been in effect in all relevant times, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

50.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1),

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

FILED DATE 4/26/2021 9 54 PM 2021CH02014

  h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 26, 2021       Respectfully Submitted,

                SHANNON CARPENTER, individually and on behalf of a class of similarly situated individuals

              By: /s/ Eugene Y. Turin
                *One of Plaintiff's Attorneys*

Eugene Y. Turin
Timothy P. Kingsbury
Colin P Buscarini
Andrew T. Heldut
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12