THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON CARPENTER, *individually and on behalf of all similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br><br>Defendant. | Case No. 21-cv-02906<br><br>Hon. Charles R. Norgle, Sr.<br><br>Magistrate Susan E. Cox |

**DEFENDANT MCDONALD'S CORPORATION'S**
**ANSWERS TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant McDonald's Corporation, by and through its undersigned counsel, submits the following Answers and Affirmative Defenses to the Class Action Complaint filed by Plaintiff Shannon Carpenter.

**CLASS ACTION COMPLAINT**

Plaintiff Shannon Carpenter ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant McDonald's Corporation ("Defendant" or "McDonald's") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**ANSWER:** To the extent a response is needed for this unnumbered paragraph, Defendant denies that it engaged in any wrongdoing, denies that it violated BIPA, and denies that this case is appropriate for class action treatment.

NAI-1525987112v1

Case: 1:21-cv-02906 Document #: 33 Filed: 02/01/22 Page 2 of 17 PageID #:273

# INTRODUCTION

### A. BIPA.

1. Biometrics refer to unique personally identifying features such as a person's voiceprint, fingerprint, facial geometry, iris, among others.

**ANSWER:** Defendant denies the allegation in Paragraph 1.

2. The Illinois Legislature enacted BIPA because it found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

**ANSWER:** Defendant admits that Plaintiff appears to have quoted an excerpt from BIPA in Paragraph 2, but denies that, taken alone, this excerpt accurately reflects the totality of the statute. Defendant denies any characterization and denies the remaining allegations in Paragraph 2.

3. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including voiceprints, fingerprints, facial scans, handprints, and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

**ANSWER:** Defendant denies the allegations in Paragraph 3.

4. To protect individuals' biometrics, BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first: (1) inform the person whose biometrics are collected in writing that biometric identifiers or biometric information will be collected or stored; (2) inform them, in writing, of the specific purpose and the length of time for which such biometrics are being collected, stored and used; (3) receive a written release allowing them to capture and collect the biometrics; and (4) publish a publicly available retention policy for permanently destroying biometrics when their use has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. 740 ILCS 14/15(a).

**ANSWER:** Defendant admits that Plaintiff appears to have quoted a provision of BIPA in Paragraph 4, but denies that this provision accurately reflects the totality of the statute. Defendant denies any characterization and denies the remaining allegations in Paragraph 4.

5. BIPA's Compliance requirements are straightforward and easily satisfied, often requiring little more than acquiring a written record of consent to a company's BIPA practices.

**ANSWER:** Defendant denies the allegations in Paragraph 5.

### B. Defendant's Biometric Collection Practices.

6. In an effort to reduce costs and staff, beginning sometime in 2020 McDonald's implemented an artificial intelligence ("AI") voice assistant in the drive through of various McDonald's restaurants across the nation, including in Illinois.

**ANSWER:** Defendant denies the allegations in Paragraph 6.

7. McDonald's AI voice assistant uses voice recognition technology to allow customers to place orders without any actual human interaction.

**ANSWER:** Defendant denies the allegations in Paragraph 7.

8. Critically, McDonald's AI voice assistant's voice recognition technology collects customers' voiceprint biometrics in order to be able to correctly interpret customer orders and to identify repeat customers to provide a tailored experience.

**ANSWER:** Defendant denies the allegations in Paragraph 8.

9. However, McDonald's has failed to comply with BIPA's regulations and does not notify its customers that when they interact with McDonald's AI voice assistant their voiceprint biometric information is used and collected, nor does McDonald's obtain their consent to do so.

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. Plaintiff seeks on behalf of himself and the proposed Class defined below, an injunction requiring McDonald's compliance with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

**ANSWER:** Defendant admits that Plaintiff purports to bring this suit as a class action for purported violations of BIPA, but Defendant denies that it engaged in any wrongdoing and denies that it violated BIPA. Defendant denies that this case is appropriate for class action treatment and denies that Plaintiff is an appropriate class representative. Defendant denies the remaining allegations in Paragraph 10.

## PARTIES

11. Defendant McDonald's Corporation is a corporation organized under the laws of Delaware with its principal place of business in Oak Brook, Illinois that conducts substantial

business throughout Illinois, including in Cook County, and is registered with and authorized by the Illinois Secretary of State to transact business in Cook County, Illinois.

**ANSWER:** Defendant admits that it is a corporation organized under the laws of Delaware and is registered with the Illinois Secretary of State. Defendant denies the remaining allegations in Paragraph 11.

12. At all relevant times, Plaintiff Shannon Carpenter has been a resident and a citizen of the state of Illinois.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore denies them.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant's headquarters are located in the state of Illinois and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used and profited from Plaintiff's biometrics in this State.

**ANSWER:** Defendant denies the allegations in Paragraph 13.

14. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County and thus resides there under § 2-102.

**ANSWER:** Defendant denies the allegations in Paragraph 14.

## FACTUAL BACKGROUND

15. McDonald's is one of the largest fast-food companies in the world that operates thousands of locations around the world through its franchisees.

**ANSWER:** Defendant denies the allegations in Paragraph 15.

16. To streamline restaurant operations and reduce the staff necessary to run their drive throughs, in 2019 McDonald's purchased the technology company "Apprente" to implement an AI Voice assistant at its restaurants.

**ANSWER:** Defendant admits that Apprente LLC was acquired by Defendant in 2019. Defendant denies the remaining allegations in Paragraph 16.

- 4 -

17. Apprente was a company that specialized in creating AI voice assistants that utilized machine learning and intelligent AI to interpret and understand individuals' voice interactions.

**ANSWER:** Defendant denies the allegations in Paragraph 17.

18. Unlike common "speech-to-text" systems that simply transcribe voice interactions into a useable transcript that is then interpreted, Apprente's technology uses "speech-to-meaning" technology that analyzes speech signals in real-time to obtain a "result."[1]

**ANSWER:** Defendant denies the allegations in Paragraph 18.

19. Specifically, when a customer verbally interacts with Defendant's AI voice assistant to place an order, the AI voice assistant extracts the customer's voiceprint biometrics to determine such unique features of the customer's voice as pitch, volume, duration, as well as to obtain identifying information such as the customer's age, gender, accent, nationality, and national origin.[2]

**ANSWER:** Defendant denies the allegations in Paragraph 19.

20. Furthermore, McDonald's AI voice assistant goes beyond real-time voiceprint analysis and recognition and also incorporates "machine-learning routines" that utilize voiceprint recognition in combination with license plate scanning technology to identify unique customers regardless of which location they visit and present them certain menu items based on their past visits.[3]

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. Critically, while McDonald's has implemented its AI voice assistant in McDonald's locations across the country, including locations in Illinois that are at issue here, McDonald's fails to inform its customers that their voiceprint biometrics are being collected when they interact with the AI voice assistant or obtain any consent from them to do so.

**ANSWER:** Defendant denies the allegations in Paragraph 21.

22. Nor does McDonald's have a publicly available data retention policy that discloses what McDonald's does with the voiceprint biometric data it obtains or how long it is stored for.

---

[1] www.infosecurity-magazine.com/news/mcdonalds-to-use-ai-voice/#:~:text=McDonald%27s%20has%20entered%20into%20an,to%20have%20definitely%20paid%20off (last accessed 4/23/2021).

[2] http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearch-bool.html&r=2&f=G&l=50&co1=AND&d=PTXT&s1=Apprente&OS=Apprente&RS=Apprente (last accessed 4/23/2021).

[3] www.iottechtrends.com/macdonad-ai-menu (last accessed 4/23/2021).

**ANSWER:** Defendant denies the allegations in Paragraph 22.

## FACTS SPECIFIC TO PLAINTIFF

23. Like thousands of other Illinois residents, Plaintiff Shannon Carpenter had his voiceprint biometrics collected when he visited a McDonald's located in Lombard, Illinois in early 2020 and interacted with Defendant's AI voice assistant.

**ANSWER:** Defendant denies the allegations in Paragraph 23.

24. Specifically, when Plaintiff pulled up to Defendant's drive through he was greeted by the intelligent AI voice assistant which asked for his order.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the

allegations in Paragraph 24, and therefore denies them.

25. Plaintiff interacted with Defendant's AI voice assistant and provided his order, which was then confirmed by the voice assistant.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the

allegations in Paragraph 25, and therefore denies them.

26. Defendant's AI voice assistant extracted Plaintiff's voiceprint biometrics in order to understand and process his order, and to provide verbal confirmation at the end of the exchange.

**ANSWER:** Defendant denies the allegations in Paragraph 26.

27. Plaintiff, like the thousands of Illinois residents who interacted with McDonald's AI voice assistant never provided written consent permitting Defendant to capture, store, or disseminate his voiceprint biometrics.

**ANSWER:** Defendant denies the allegations in Paragraph 27.

28. Nor has Defendant made a policy regarding its retention or deletion of the voiceprint biometric data that it obtains publicly available for Plaintiff and the other Class members to review.

**ANSWER:** Defendant denies the allegations in Paragraph 28.

29. Plaintiff, like the other Class members, to this day does not know the whereabouts of his voiceprint biometrics which Defendant obtained.

**ANSWER:** Defendant denies the allegations in Paragraph 29.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose voiceprint biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period and for whom Defendant did not have any written record of consent to do so.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action as a class action. Defendant denies that a class action is appropriate in this case, denies that Plaintiff is an appropriate class representative, and denies that Plaintiff is entitled to any relief or damages whatsoever in this matter. Defendant denies the remaining allegations in Paragraph 30.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family of such officer or director.

**ANSWER:** Defendant admits that Plaintiff purports to exclude certain persons from the class, but denies that a class action is appropriate in this case. Defendant denies any remaining allegations in Paragraph 31.

32. There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

**ANSWER:** Defendant denies the allegations in Paragraph 32.

33. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

**ANSWER:** Defendant denies the allegations in Paragraph 33.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

      a.      Whether Defendant collected, captured, or otherwise obtained voiceprint biometrics from individuals who verbally interacted with McDonald's drive though AI voice assistant within Illinois;

      b.      Whether Defendant disseminated the voiceprint biometrics it obtained;

      c.      Whether Defendant profited from its collection and possession of said voiceprint biometrics;

      d.      Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their voiceprint biometrics;

      e.      Whether Defendant's conduct violates BIPA;

      f.      Whether Defendant's BIPA violations are willful or reckless; and

      g.      Whether Plaintiff and the Class are entitled to damages and injunctive relief.

**ANSWER:** Defendant denies the allegations in Paragraph 34.

      35.      Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER:** Defendant denies the allegations in Paragraph 35.

      36.      Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

**ANSWER:** Defendant denies the allegations in Paragraph 36.

      37.      Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:** Defendant denies the allegations in Paragraph 37.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.
### (On behalf of Plaintiff and the Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant restates and incorporates by reference all preceding responses to the allegations in the Complaint.

39. Defendant McDonald's is a private entity under BIPA.

**ANSWER:** Defendant admits the allegations in Paragraph 39.

40. BIPA requires that private entities, such as Defendant, obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

**ANSWER:** Defendant admits that Plaintiff appears to have quoted a provision of BIPA in Paragraph 40, but denies that, taken alone, this provision accurately reflects the totality of the statute. Defendant denies any characterization and denies the remaining allegations in Paragraph 40.

41. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

**ANSWER:** Defendant admits that Plaintiff appears to have quoted a provision of BIPA in Paragraph 41, but denies that, taken alone, this provision accurately reflects the totality of the statute. Defendant denies any characterization and denies the remaining allegations in Paragraph 41.

42. Plaintiff and the other Class members have had their "biometric identifiers," namely their voiceprints, collected, captured, or otherwise obtained by Defendant when they interacted with the intelligent AI voice assistant at McDonald's drive through locations in Illinois. 740 ILCS 14/10.

**ANSWER:** Defendant denies the allegations in Paragraph 42.

43. Each instance when Plaintiff and the other Class members interacted with McDonald's AI voice assistant at one of its drive throughs Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' voiceprint biometrics without valid consent and without complying with and, thus, in violation of BIPA.

**ANSWER:** Defendant denies the allegations in Paragraph 43.

44. Defendant's practices with respect to capturing, collecting, storing, and using its customers' voiceprint biometrics fail to comply with applicable BIPA requirements:

   a. Defendant failed to inform Plaintiff and the other members of the Class in writing that their voiceprint biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiff and the other Class members in writing of the specific purpose for which their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiff and the other Class members in writing the specific length of term their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

   e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and,

   f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' voiceprint biometrics for purposes of data retention and storage of the same, as required by 740 ILCS 14/15(d)(1).

**ANSWER:** To the extent an answer is required to Subparagraph 44(e) after the Court's remand of Plaintiff's claim under 740 ILCS 14/15(a) in Dkt. No. 25, Defendant denies the allegations in Subparagraph 44(e). To the extent an answer is required to Subparagraph 44(f) after the Court's dismissal of Plaintiff's claim under 740 ILCS 14/15(d) in Dkt. No. 32, Defendant denies the allegations in Subparagraph 44(f). Defendant denies the remaining allegations in Paragraph 44.

45. By using its voiceprint biometric-based AI voice assistant to collect food orders at its Illinois restaurant locations, Defendant profited from Plaintiff's and the other Class members' voiceprint biometric identifiers in violation of 740 ILCS 14/15(c).

**ANSWER:** To the extent an answer is required after the Court's remand of Plaintiff's 740 ILCS 14/15(c) claim in Dkt. No. 25, Defendant denies the allegations in Paragraph 45.

46. Defendant knew, or was reckless in not knowing, that the voiceprint biometric technology that it utilized and which thousands of individuals within Illinois interacted with would be subject to the provisions of BIPA yet failed to comply with the statute.

**ANSWER:** Defendant denies the allegations in Paragraph 46.

47. By capturing, collecting, storing, using, and disseminating Plaintiff's and the other Class members' voiceprint biometrics as described herein, Defendant denied Plaintiff and the other Class members their rights to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

**ANSWER:** Defendant denies the allegations in Paragraph 47.

48. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

**ANSWER:** Defendant admits that Plaintiff appears to have quoted a provision of BIPA in Paragraph 48, but denies that, taken alone, this provision accurately reflects the totality of the statute. Defendant denies any characterization and denies the remaining allegations in Paragraph 48.

49. Defendant's violations of BIPA, a statute that has been in effect in all relevant times, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

**ANSWER:** Defendant denies the allegations in Paragraph 49.

50. Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**ANSWER:** To the extent any response to Paragraph 50 is required, Defendant admits only that Plaintiff seeks the relief described in the Prayer for Relief. Defendant denies that Plaintiff and/or

the putative class are entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 50.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

**ANSWER:** To the extent any response to the Prayer for Relief is required, Defendant admits only that Plaintiff seeks the relief described in this unnumbered paragraph. Defendant denies that Plaintiff and/or the putative class are entitled to any relief whatsoever. Defendant denies the remaining allegations in the Prayer for Relief.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

**ANSWER:** Defendant denies that Plaintiff is entitled to have a jury resolve his allegations.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent they seek remedies beyond those provided for in the Illinois Biometric Information Privacy Act.

2. Plaintiff's claims and the claims of any putative class member(s) are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

3. Plaintiff's claims and the claims of any putative class member(s) fail, in whole or in part, to state claims upon which relief can be granted.

4. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent they waived and/or released the claims asserted in the Complaint.

5. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent that Defendant's conduct was not the actual or proximate cause of any loss suffered by Plaintiff and/or putative class members.

6. Plaintiff's claims and the claims of any putative class member(s) are barred to the extent they signed an arbitration agreement and/or class action waiver.

7. To the extent the Complaint seeks equitable relief against Defendant, such claims are barred because Plaintiff has an adequate remedy at law. Specifically, Plaintiff has alleged that he is entitled to statutory damages for alleged violation of BIPA, which will result in monetary recovery if any such alleged violations are proven.

8. The claims of Plaintiff and/or the putative class members are barred, in whole or in part, to the extent Defendant has not collected, captured, purchased, received through trade, or otherwise obtained any such information and, as such, is not subject to BIPA.

9. Plaintiff cannot state a claim under BIPA for any instances in which he provided consent to have his biometric information captured. To the extent Plaintiff alleges that

Defendant is liable because Plaintiff's and/or putative class members' biometric information was collected without their consent, Plaintiff's claims are barred because Plaintiff and/or putative class members voluntarily consented to the collection of such information.

10. To recover damages under BIPA, a plaintiff must demonstrate that a defendant violated BIPA intentionally, recklessly, or negligently. Defendant has not engaged in negligent, reckless, or intentional conduct to support a damages award under BIPA.

11. Plaintiff can recover attorneys' fees under BIPA only if he is the "prevailing party." *See* 740 ILCS 14/20. Because Plaintiff's claims are unfounded, Plaintiff is not a "prevailing party" under BIPA and therefore is not entitled to attorneys' fees.

12. The claims of Plaintiff and/or the putative class are barred, in whole or in part, by various equitable doctrines, including, without limitation, the doctrines of estoppel, laches, waiver, and/or unclean hands. Plaintiff voluntarily approved and participated in the conduct that the complaint alleges was wrongful without objection and is, accordingly, barred from asserting BIPA claims based on such conduct. Moreover, Plaintiff unreasonably delayed seeking recovery under BIPA, which delay materially prejudiced Defendant.

13. The claims of Plaintiff and/or the putative class are barred because, to the extent BIPA applies to the conduct alleged, Defendant substantially complied with the requirements of BIPA, including by making adequate disclosures at the time that customers voluntarily interacted with the "AI voice assistant." The actions of Defendant were undertaken for legitimate business purposes and in good faith in an effort to comply with applicable law, based on all relevant facts and circumstances known by them at the time they so acted, and the actions of Defendant are thereby justified, proper, and lawful in all respects.

14. Plaintiff's and the putative class members' claims for damages are barred in whole or in part by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois. Plaintiff alleges that he and the putative class members are entitled to recover either $1,000 or $5,000 in statutory damages for each alleged violation of BIPA. The statutory damages potentially available under BIPA, as applied to Plaintiff's and the putative class members' claims and allegations, are grossly excessive and disproportionate given that Plaintiff and the putative class members have not suffered any injury or harm to warrant such relief and, therefore, any award of statutory damages to Plaintiff or the putative class members would violate Defendant's due process rights.

15. Plaintiff and the putative class members' claims are barred in whole or in part by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois because BIPA is unconstitutionally vague on its face and/or as applied in this case to Defendant.

16. The Complaint is barred in whole or in part to the extent that Plaintiff or any putative class member failed to mitigate his or her damages. For any period of time in which Plaintiff or the putative claims members failed to exercise reasonable diligence and ordinary care in trying to minimize their damages, Plaintiff and the putative class members are not entitled to recover damages.

17. The Complaint is barred in whole or in part because BIPA is special legislation that confers a special benefit or exclusive privilege on a person or group of persons to the exclusion of others similarly situated, and is therefore unconstitutional under the special legislation clause of the Illinois Constitution.

Defendant reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend their answer to assert such additional defenses.

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, and denied any and all unlawful conduct alleged by Plaintiff, Defendant requests that the Complaint be dismissed in its entirely with prejudice; that Plaintiff take nothing by way of the Complaint; that Defendant be awarded its costs incurred herein; and that Defendant be awarded such further relief as the Court deems just and proper.

Dated: February 1, 2022                                    Respectfully submitted,


                                                           s/ *Jennifer W. Plagman*
                                                           Michael J. Gray
                                                           mjgray@jonesday.com
                                                           Efrat R. Schulman
                                                           eschulman@jonesday.com
                                                           Jennifer W. Plagman
                                                           jplagman@jonesday.com
                                                           JONES DAY
                                                           77 West Wacker
                                                           Chicago, IL  60601-1692
                                                           Telephone:   (312) 782-3939

                                                           *Attorneys for Defendant McDonald's Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, a copy of the foregoing was filed via the Court's CM/ECF document filing system, which will provide notice to the counsel of record.

    /s/ *Jennifer W. Plagman*
*Counsel for McDonald's Corporation*