IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHANNON CARPENTER, individually and on behalf of similarly situated individuals, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>MCDONALDS CORPORATION, )<br>)<br>*Defendant.* ) | No. 1:21-cv-02906<br><br>Hon. Charles R. Norgle<br><br>Magistrate Susan E. Cox |

### Agreed[1] Confidentiality Order

The parties to this Agreed Confidentiality Order have agreedto the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits and information derived therefrom (hereinafter collectively "documents" or "information"), shall be subject to this Order concerning Confidential Information, Highly Confidential Information, and Source Code Material as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information, Highly Confidential Information, and Source Code Material.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER"

---

[1] This Agreed Confidentiality Order has been modified from the Northern District of Illinois' Form LR 26.2 Model Confidentiality Order according to the following guidelines: Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties. The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.

1

by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that reveals trade secrets, research, technical, commercial or financial information more sensitive or strategic than Confidential Information, the disclosure of which is likely to significantly harm that party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court.

As used in this Order, "Source Code Material" means information designated as "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" by the producing party that includes a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator; live data as it exists residing in a database or databases; and engineering specifications that define or otherwise describe in detail the algorithms or structure of software.

Information or documents that are available to the public may not be designated as Confidential Information, Highly Confidential Information or Source Code Material.

2

3. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or as Highly Confidential Information for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or as Source Code Material for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information, Highly Confidential Information, or Source Code Material. To the extent that information is produced in a form that is impractical to label (including electronically stored information produced on electronic media), such information may be identified as Confidential Information, Highly Confidential Information, or Source Code Material by cover page or by affixing to the storage media containing the Confidential Information, Highly Confidential Information or Source Code Material a label containing an appropriate legend. If such information is reduced to hard-copy form by a receiving party, the hard-copy form shall then be labeled "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" as may be appropriate. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.

Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information or Highly Confidential Information or Source Code Material is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information or Highly Confidential Information or Source Code Material as defined in this order.[2]

4. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, within

---

[2] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information, unless otherwise ordered by the Court. The fourteen day and sixty day time limits in this Section 4 may be extended upon written consent of the parties.

5. **Protection of Confidential, Highly Confidential, and Source Code Material.**

(a) **General Protections.** Confidential Information or Highly Confidential Information or Source Code Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class at any time.

(b) **Limited Third-Party Disclosures.** The parties and counsel for theparties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only if: (1) such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound (2) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (3) before access is given, the consultant or expert has completed Attachment A and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services within the last four years and a brief description of the subject matter of the consultancy or employment, at least five (5) business days before access to Source Code Material is to be given to that consultant to object to and notify the receiving Party in writing that it objects to disclosure of Source Code Material to the consultant or expert. The Parties shall promptly confer and use good faith efforts to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five (5) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

The parties and counsel for the parties shall not disclose or permit the disclosure of any

Highly Confidential Information to any third person or entity except as set forth above in subparagraphs (1) and (3)-(9).

Counsel for the parties shall only permit the disclosure of Source Code Material under the following restrictions:

(10) Access to a party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to Paragraphs 5(b)(17) and 5(b)(21) below.–Additionally, except as provided in Paragraph 5(b)(21) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(11) The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(12) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(13) No electronic devices shall be permitted in the secure room, including but not limited to laptops, floppy drives, USB drives, zip drives, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, or telephone jacks. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. During review of Source Code Material, the receiving Party (including its consultants and experts) may take handwritten notes relating to Source Code Material. All handwritten notes must be taken on consecutively numbered permanently bound notebooks that are clearly labeled on their cover(s) as "HIGHLY CONFIDENTIAL –SOURCE CODE" ("Review Notebooks"). Any notes taken during review of Source Code Material in a Review Notebook may not copy any portion of the Source Code Material, except for Source Code Material file names, function names, or variable names. No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no

7

other written or electronic record of the Source Code Material is permitted except as otherwise provided herein.

(14) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(15) Access to Source Code Material designated "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(b)(6) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(16) To the extent portions of Source Code Material are quoted in a document, either (1) the entire document will be labeled "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" and treated accordingly, or (2) those pages containing quoted Source Code Material will be separately labeled as "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" and treated accordingly;

(17) The receiving Party may request paper copies of Source Code Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. Any print request that consists of more than twenty (20) continuous pages of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy. The receiving Party may request printing of a reasonable number of pages of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." These printing limitations are subject to further agreement between the parties or order of the Court._

(18) Except as set forth in paragraph 5(b)(21) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

"HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" and shall continue to be treated as such;

(19) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(20) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(21) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under Paragraph 5(b)(14) above to another person authorized under Paragraph 5(b)(14) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 5(b)(10) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information or Source Code Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a

9

document as Confidential Information or Highly Confidential Information or Source Code Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information or Highly Confidential Information or Source Code Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information or Source Code Material. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

7. **Filing of Confidential Information or Highly Confidential Information or Source Code Material.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information or Source Code Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information or Highly Confidential Information or Source Code Material.** The designation of any material or document as Confidential Information or Highly Confidential Information or Source Code Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information or Highly Confidential Information or Source Code Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information or Source Code Material under the terms of this Order.

11

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information or Source Code Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential or Highly Confidential or Source Code Material Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential Information or Source Code Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information or Source Code Material. The Court may thereafter make such orders as arenecessary to govern the use of such documents or information at trial.

12. **Confidential Information or Highly Confidential or Source Code Material Subpoenaed or Ordered Produced in Other Litigation.**

    **(a)** If a receiving party is served with a subpoena or an order issued inother litigation that would compel disclosure of any material or document designated inthis action as Confidential Information or Highly Confidential or Source Code Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    **(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or allof the material

covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case anopportunity to try to protect its Confidential Information or Highly Confidential or Source Code Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential or Source Code Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving partyin this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody orcontrol Confidential Information or Highly Confidential or Source Code Material by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality willhave the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered,this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and

13

documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential or Source Code Material so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential or Source Code Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or Highly Confidential or Source Code Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic CaseFiling (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the

subject matter.

16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential or Source Code Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedureor otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound.** This Order shall take effect when entered and shall bebinding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. **Production by Non-Parties Pursuant to Subpoena.** Any non-Party producing documents or things or giving testimony in this litigation pursuant to a subpoena, notice, or discovery request may designate said documents, things, or testimony as Confidential Information or Highly Confidential Information or Source Code Material. The Parties agree that this Order will govern the handling and use of documents, things and information, produced by non-Parties that has been designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SOURCE CODE-SUBJECT TO PROTECTIVE ORDER."

*So Ordered.*

Dated: 5/13/22

_____
Hon. Charles Norgle
U.S. Magistrate Judge Susan Cox

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |
| *s/ Eugene Y. Turin* (by consent) | *s/ Jennifer W. Plagman* |
| Eugene Y. Turin <br> Timothy P. Kingsbury <br> Colin P. Buscarini <br> MCGUIRE LAW, P.C. <br> 55 W. Wacker Drive, 9th Fl. <br> Chicago, IL 60601 <br> Tel: (312) 893-7002 <br> eturin@mcgpc.com <br> tkingsbury@mcgpc.com <br> cbuscarini@mcgpc.com | Michael J. Gray <br> mjgray@jonesday.com <br> Efrat R. Schulman <br> eschulman@jonesday.com <br> Jennifer W. Plagman <br> jplagman@jonesday.com <br> JONES DAY <br> 110 N. Wacker, Ste 4800 <br> Chicago, IL 60606 <br> Telephone: +1.312.782.3939 |
| *Attorneys for Plaintiff and the Putative Class* | *Attorneys for Defendant* |

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHANNON CARPENTER, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff,*<br><br>v.<br><br>MCDONALDS CORPORATION,<br><br>*Defendant.* | No. 1:21-cv-02906<br><br>Hon. Charles R. Norgle<br><br>Magistrate Susan E. Cox |

### ACKNOWLEDGMENT AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materialsdesignated as Confidential Information or Highly Confidential Information or Source Code Material in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information or Source Code Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____

                                                                                    Signature